BELAVAL, PLAINTIFF AND RESPONDENT, *v.* TODD, MAYOR OF SAN JUAN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in *Mandamus* Proceedings.

No. 1259.—Decided June 26, 1915.

MANDAMUS—FINDINGS OF TRIAL COURT—PRESUMPTION.—When the finding of the court is in favor of the petitioner in *mandamus* proceedings, it must be presumed that all the averments thereof that are well pleaded are true.

REMOVAL OF EMPLOYEE—POLITICAL REASONS.—A removal from office for a political cause is a removal without just cause and against the provisions of section 32 of the Municipal Law of March 8, 1906, as amended March 10, 1910.

ID.—JUST CAUSE—NOTICE AND HEARING.—Generally, where a statute gives a body or a person power to remove for ''cause'' or ''just cause,'' such power is held to be a judicial power, and the person or body in whom the power is vested may not remove without notice or a hearing.

ID.—EVIDENCE—DISCRETION—DEFENSE.—Even when the question of the weight or sufficiency of the evidence rests solely in the discretion of the board or person having power to dismiss, the person about to be dismissed should be given an opportunity to defend himself and offer evidence.

ID.—REINSTATEMENT—ACADEMIC QUESTION.—When the right of a plaintiff to be reinstated in a particular office may give him rights of which his removal would tend to deprive him, the case should be decided on its merits, unless it be shown that the question had become a purely academic one.

The facts are stated in the opinion.

*Messrs. Ramón Falcón* and *Adrián Agosto* for the appellant.

*Messrs. J. H. Brown, Eduardo Acuña* and *H. S. Belaval* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan ordering Roberto H. Todd, Mayor of San Juan, by virtue of a writ of *mandamus,* to restore Dr. José S. Belaval to his position. The judgment might have been more specific and have named the position to which he was to be restored, but no complaint is made on this score and the petition amply sets out the position. There was a trial in the court below, but by reason of a misunderstanding with regard to the law, none of the evidence in the case has reached

this court, but solely the pleadings. As the court found in favor of the petition it will have to be presumed that all the averments thereof that are well pleaded are true. The only question, then, for us to consider is whether the petition stated a cause of action.

The petition sets up substantially (1) that José S. Belaval is a resident of San Juan, a doctor by profession, and that defendant Roberto H. Todd is Mayor of San Juan; (2) that the petitioner is a superintendent of the municipal hospitals of San Juan; (3) that the petitioner was duly named superintendent of the municipal hospitals of San Juan by the defendant in the month of September, 1912, and from that time until April 1, 1914, the date on which he was removed, he faithfully fulfilled the duties of that office; (4) that on April 28, 1914, the petitioner received a letter from the defendant as Mayor of San Juan which said that from that date and for the conveniences of the service the employment of the petitioner as superintendent of the municipal hospitals should cease, it being understood that the decision should take effect on the same day, and that at the same time the defendant named Dr. del Toro to act temporarily as a superintendent of the municipal hospitals of San Juan; that the petitioner refused to deliver his office to Dr. del Toro on the ground that the order to remove was illegal; that on April 30, 1914, the mayor addressed himself anew to Dr. del Toro and wrote a circular letter to the doctors, superintendents, nurses and other employees of the hospitals, in order that they should only recognize Dr. del Toro as the superintendent of such hospitals, and that the petitioner, by virtue of this action of the defendant, was deprived of all right to carry on his office or employment and excluded from its performance; (5) that the petitioner alleges that he has no knowledge, and none was given him, of the reasons for the issuance of this order of removal, nor does he know of any complaint or charge made against him; (6) the petitioner sets forth the provisions of section 32 of the Municipal Act

of 1906, as amended by the Act of March 10, 1910; (7) that according to information and belief the petitioner alleges that such order of removal and the removal intended thereby were brought about for political purposes of the defendant and for the reason that the petitioner had refused to aid the defendant in his candidacy for the Republican nomination as mayor of San Juan and the refusal of the petitioner to contribute funds for such personal and political ends of the defendant; (8) that the petitioner continues to be *de jure* superintendent of the municipal hospitals because his removal was not made according to law; (9) that although the defendant has been requested to restore petitioner to his employment he has refused to do so; (10) that the petitioner was in receipt of a salary of $2,000 annually as well as the use of a house with light and water, of all of which he was deprived by the illegal act of the defendant; (11) whereupon the petitioner concluded alleging that he was without other remedy and asked for the writ of *mandamus*.

In the case of *Ruiz v. del Valle,* 17 P. R. R., 654, to which we shall refer again, it was suggested that a removal for a political cause would be a removal without just cause and against section 32 of the Municipal Law as amended. Hence the petitioner might be held to have stated a cause of action when in Paragraph VII thereof he described his removal to have arisen for political reasons. The petitioner, however, and the court below rely on broader grounds, namely, that the petitioner was removed from his position without notice and without a hearing.

Section 32 of the Municipal Law, as amended by Act of March 10, 1910, relied upon by the petitioner, is as follows:

"The Alcalde shall appoint all employees of the municipality whose appointments are not otherwise provided for in this Act, as authorized by the appropriations of the budget, and it shall be his duty to see that they properly perform their duties. The Alcalde may, for just cause, remove all officers and employees appointed by him alone, or appointed by him with the advice and consent of the municipal

council; *Provided, however,* That the municipal comptroller or municipal secretary performing the duties of comptroller shall not be removed except by and with the consent of the municipal council after charges have been preferred in writing by the Alcalde to the council and after a term of two days shall have been given the comptroller to submit to the council a written answer to such charges."

Generally, where a statute gives a body or a person power to remove for "cause" or "just cause," such power is held to be a judicial power and the person or body in whom the power is vested may not remove without notice and a hearing. *McCulley* v. *State,* 46 L. R. A., 571, and authorities cited. *State et al.* v. *Hitchcock,* 16 L. R. A., 413, and authorities. *Hagerty* v. *Shedd,* 75 N. H., 396.

Dependent upon the form of the statute and the character of the employees, there is a tendency in most of the states to require a proceeding similar to a trial wherein the official or employee is given an opportunity to defend and present proof; and this opportunity generally must be given even if the question of the weight of the proof, or whether the proof is sufficient or not, rests solely in the discretion of the board or person removing the official; in other words, the official or person about to be removed must be given an opportunity to defend himself before the person or the board having power to make such removal.

In our own Municipal Law of 1906 it may be seen that when the Legislature of Porto Rico contemplated a proceeding similar to a trial it specifically said so. In section 32, on which the petitioner relies, it may be seen that the municipal comptroller or municipal secretary performing the duties of comptroller may only be removed after charges shall have been preferred in writing by the *alcalde* to the council, and after a term of two days shall have been given to the comptroller to submit to the council a written answer. Similarly, in section 20 when the municipal council is investigating charges it is provided that the officers shall be allowed to

appear and to be represented by counsel; and, similarly, in section 35 when it is a question of the removal of the mayor himself he must be given an opportunity to be heard in his own defense. Therefore, we think that the intention of the Legislature to give an official a right to anything like a trial is not at all clear and the doubt is augmented by the fact that under said section 32 the mayor is specially charged with the duty of seeing that all the employees properly perform their duties. Nevertheless, under the authorities cited we think that an official is entitled to some notice and some hearing.

In the case of *Ruiz* v. *del Valle, supra,* we did not have to give much consideration to the question of whether a petitioner was always entitled to notice and a hearing, because in that case we thought that the requisites of notice and a hearing had been duly performed. In that case there had been a notice to the official once before and he was heard and was also given an opportunity to get rid of the conduct of a business which was incompatible with his remaining in the service. The cause of the removal was practically confessed. As a general rule and in furtherance of the principle of notice and a hearing, it would be good practice, although it may not be absolutely necessary, for the mayor to give some sort of written notice. In the case before us the petitioner recites that no notice or hearing was ever given him, and we are inclined to agree with the court below that some such notice or hearing is necessary, even when the mayor is the sole judge of the sufficiency of the proof of the alleged cause.

We have drawn attention to the fact that we can only consider the petition in this case because the proof is not before us, but the answer itself, if true, would not aid the appellant, the mayor in this case, because the order set forth in that answer was an order of removal even though it specified a cause or causes. Furthermore, in its opinion the court re-

fused to consider the proof of sufficient cause because it found that no notice or hearing had ever been given the petitioner.

The appellant in this case maintains that this court should not enter into a consideration of the question involved in the action because it is an academic one due to the fact that, as the mayor who appointed the petitioner has ceased to hold that office by operation of law and with him the officials under him, the *mandamus* issued by the district court could not be executed.

The appellant would be right if it had been shown to us that the question to be decided in this case had become a purely academic one, but this has not been done. The right of the plaintiff to be reinstated in his office may give him' rights of which his removal would tend to deprive' him, therefore it would be inequitable not to decide the case on its merits.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.